### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID OWEN,** | : | |
| *Plaintiff,* | : | |
| | : | |
| **v.** | : | **NO. 25-mc-00070** |
| | : | |
| **AUDUBON FIELD SOLUTIONS, LLC,** | : | |
| *Defendant.* | : | |
| | : | |

### MEMORANDUM

**KENNEY, J.**                                                             **FEBRUARY 18, 2026**

Plaintiff David Owen is engaged in ongoing litigation against Defendant Audubon Field Solutions, LLC in the District of New Mexico.  On December 18, 2025, Defendant moved to quash a subpoena served on non-party Cozen O'Connor, P.C. ("Cozen O'Connor"), which requires compliance in the Eastern District of Pennsylvania, and also moved for attorney's fees (the "Defendant's Motion to Quash").  *See* ECF No. 1.  Plaintiff filed a response in opposition to Defendant's Motion to Quash on January 14, 2026, *see* ECF No. 9, and Defendant filed a reply on January 29, 2026, *see* ECF No. 11.  For the reasons set forth below, Defendant's Motion to Quash (ECF No. 1) is **GRANTED**, and the Court will quash the subpoena served on Cozen O'Connor. The Court will **DENY** Defendant's request for attorney's fees.

## I.   DISCUSSION

### A.  The Court Will Quash the Subpoena

The Court assumes the Parties are familiar with the facts and procedural history of the underlying litigation.  Pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(i), (iii), and (iv), Defendant moves to quash the subpoena served on non-party Cozen O'Connor on the basis that the subpoena (1) seeks documents protected by the attorney-client privilege and attorney work

product doctrine, (2) is unduly burdensome, and (3) failed to permit a reasonable time for compliance. *See* ECF No. 1 at 8–14. Defendant also moves for sanctions in the form of attorney's fees under Rule 45(d)(1). *Id.* at 2, 14.

The Court begins with the Motion to Quash. "Under the Federal Rules of Civil Procedure and in the United States Court of Appeals for the Third Circuit, district courts have broad discretion to manage discovery." *Davis v. Gen. Accident Ins. Co. of Am.*, No. 98-cv-4736, 1999 WL 228944, at *1 (E.D. Pa. Apr. 15, 1999) (citing *Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (3d Cir. 1995)). A district court must quash a subpoena if, among other reasons, the subpoena "fails to allow a reasonable time to comply," "requires disclosure of privileged or other protected matter," or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i), (iii)–(iv). When a subpoena is issued to a third party, another party may move to quash the subpoena only if it burdens the party's personal right or privilege in the sought after materials. *See Est. of Ungur v. Palestinian Auth.*, 332 F. App'x 643, 645 (2d Cir. 2009); *Cardona v. Vivint Solar, Inc.*, No. 19-mc-161, 2019 WL 4686556, at *2 (E.D. Pa. Sept. 26, 2019); 9A Wright & Miller's Federal Practice & Procedure § 2459 (3d ed. Sept. 2025).

As an initial matter, Defendant has standing to move to quash the subpoena served on Cozen O'Connor because Defendant has a personal interest in the privileged material that the subpoena seeks and, as the firm's "client," "may invoke the privilege to prevent disclosure" of documents. *Ziner v. Cedar Crest Coll.*, No. 04-cv-3491, 2006 WL 8409873, at *2 (E.D. Pa. May 30, 2006) (parties may "seek[] to quash based on claims of privilege relating to the documents being sought"); *see also Est. of Ungur*, 332 F. App'x at 645.

The Court will grant Defendant's Motion to Quash because the subpoena seeks privileged material, is overbroad in nature, and teeters on the edge of being untimely. During a Rule 30(b)(6)

deposition, General Counsel W. Daniel Wellons testified that Defendant retained Charles Wilson, Esq. and Cozen O'Connor "to provide advice and guidance" in connection with anticipated litigation over Defendant's pay practices pursuant to the Fair Labor Standards Act. ECF No. 1 at 3; ECF No. 9-1 at 3; *see also* ECF No. 1-6 at 2. A review of the categories of documents requested in the subpoena reveals that they seek privileged material. For example, Plaintiff seeks (1) "all DOCUMENTS YOU provided to AUDUBON regarding PLAINTIFF," (2) "all DOCUMENTS YOU received from AUDUBON regarding PLAINTIFF," and (3) "all DOCUMENTS YOU compiled, created, researched, calculated, or otherwise made/obtained but did not provide to, or receive from AUDUBON regarding PLAINTIFF" over a 5-year period prior to the date of the filing of Plaintiff's lawsuit. ECF No. 1-4 at 6–7 (capitalization retained from the subpoena). These categories of documents call for material protected by the attorney-client privilege, including attorney-client communications, and the attorney work product doctrine, given Defendant's and Cozen O'Connor's attorney-client relationship. Attorney Wilson and Cozen O'Connor were hired precisely because of Defendant's history of involvement in wage litigation and anticipation that it may be subject to further suits, *see* ECF No. 1-6 at 2–4; ECF No. 1-7 at 3; indeed, Defendant notes that "the same law firm representing [Plaintiff] Owen constantly solicited Audubon employees via LinkedIn," and thus the prospect of litigation was acute. ECF No. 1 at 6; ECF No. 9-1 at 3.

In addition, the Court reviewed the excerpts of the transcript of Mr. Wellons' Rule 30(b)(6) deposition and finds that he did not waive privilege. *See* ECF No. 9-1. While Mr. Wellons at times discussed the *facts* surrounding Defendant's payment practices, he did not testify as to the substance of his discussions and communications with his attorneys, and thus there was no waiver. *See Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994) (noting that the attorney-client privilege "extends only to communications and not to facts" (quoting *Upjohn*

3

*Co. v. United States*, 449 U.S. 383, 396 (1981) (emphasis omitted)); *cf. In re Schlumberger Tech. Corp.*, 818 F. App'x 304, 308 (5th Cir. 2020) (no waiver where a consultant "testif[ied] about the compliance reviews" in order to "comply with plaintiffs' discovery requests," which had called for the company to "identify, and thus make available for deposition, persons involved in its consultations").

Furthermore, Defendant has not asserted an advice of counsel affirmative defense in the underlying litigation in the District of New Mexico. *See* ECF No. 1 at 2; ECF No. 1-3 at 10–11. If that defense were at issue, a different result might be warranted, but that is not the situation here. *Rhone-Poulenc Rorer Inc.*, 32 F.3d at 863 (explaining that privilege can be waived if a party asserts "defenses that put his or her attorney's advice in issue in the litigation"). Accordingly, the Court will grant Defendant's Motion to Quash because it "calls for records protected by the attorney-client or work-product privileges." *Greene v. Phila. Hous. Auth.*, 789 F. Supp. 2d 582, 586 (E.D. Pa. 2011) (citation omitted); *see also Progressive Emu Inc. v. Nutrition & Fitness Inc.*, 785 F. App'x 622, 628 n.7, 629 (11th Cir. 2019) (per curiam) (affirming grant of a motion to quash an "overly broad third-party trial subpoena" in part because the subpoena "likely called for production of privileged documents" and sought "documents [plaintiff] failed to diligently pursue during discovery"); *Kull v. Arrowood Indem. Co.*, No. 13-cv-4343, 2013 WL 5603924, at *6 (D.N.J. Oct. 11, 2013) (quashing a subpoena seeking information "protected by the attorney-client privilege and the work product doctrine"); *Davis*, 1999 WL 228944, at *2 ("Courts have imposed broader restrictions on the scope of discovery when a non-party is targeted.").

Because the Court finds that Plaintiff's subpoena largely seeks protected privileged materials, the Court does not address in depth Defendant's arguments regarding burden and reasonableness of time to comply with the subpoena, but the Court notes that the subpoena is

undoubtedly overbroad in nature.  For example, the subpoena seeks "all" documents that were exchanged between Defendant and non-party Cozen O'Connor regarding Plaintiff over a five-year period.  ECF No. 1-4 at 6–7.  Such a request is not proportional to the needs of the case and may encompass irrelevant documents that have no bearing as to how Defendant classified and paid Plaintiff while he was employed there.

The subpoena is also targeted in part towards materials that Plaintiff could have requested from Defendant in the underlying litigation and does not consist of documents that are solely in a non-party's possession.  *See Rardon v. Falcon Safety Prods., Inc.*, No. 23-1594 & 23-1596, 2023 WL 5347298, at *2 (3d Cir. Aug. 21, 2023) (explaining that, in addition to "the status of the recipient as a non-party," courts consider "whether the information can be obtained by other means" as part of the "undue burden analysis").  For example, the subpoena requests that Cozen O'Connor "[p]roduce all DOCUMENTS YOU provided to AUDUBON regarding PLAINTIFF OWEN during the RELEVANT TIME PERIOD."  ECF No. 1-4 at 7 (capitalization retained from the subpoena); *see also id.* ("Produce all DOCUMENTS YOU received from AUDUBON regarding PLAINTIFF" (capitalization retained from the subpoena)).  But it strikes the Court that such a request could have instead been made directly to Defendant through written discovery requests in the underlying litigation.  In other words, Plaintiff could have requested that Defendant produce any documents that it received from Cozen O'Connor regarding Plaintiff—to the extent any such materials are not privileged—which would have captured the same universe of documents without having to involve a nonparty.  *See Mayer v. ADCS Clinics, LLC*, No. 21-cv-5303, 2025 WL 1139259, at *2 (E.D. Pa. Apr. 16, 2025) (explaining that the fact that some "information about Relator's practices could be obtained through other means, such as deposing Relator . . . support[ed] quashing the subpoena").

Finally, Plaintiff served the subpoena on December 3, 2025, only two weeks before the discovery period in the underlying litigation was set to close on December 17, 2025. *See* ECF No. 1-4 at 2; ECF No. 11 at 6–7; *see also Owen v. Audubon Field Sols., LLC*, No. 24-cv-215, ECF No. 62 at 1 (D.N.M.). And Plaintiff gave Cozen O'Connor a tight deadline to comply by December 17—i.e., the day that discovery would close—undermining possible arguments for modifying the subpoena. *See* ECF No. 1-4 at 2. Plaintiff's subpoena appears to this Court to reflect a near attempt to navigate around discovery deadlines (particularly given the breadth of the subpoena), despite the fact that Plaintiff was aware of the documents sought by the subpoena at least as early as November 14, 2025, following Mr. Wellons' deposition. *See Doherty v. Allstate Indem. Co.*, 734 F. App'x 817, 823–24 (3d Cir. 2018) (affirming grant of a motion to quash and denial of "an eleventh-hour request" for discovery); *Moore v. Walton*, No. 14-cv-3873, 2024 WL 4756902, at *1 (E.D. Pa. Nov. 12, 2024) (quashing a subpoena served "two days before the close of discovery" and noting that "[m]any courts have exercised their discretion to quash subpoenas that ignore discovery deadlines when there is no reason why the subpoena could not have been brought during the discovery period" (internal quotations and citations omitted)).

Accordingly, for all these reasons, the Court will grant Defendant's Motion to Quash and quash the subpoena served on Cozen O'Connor on December 3, 2025.

### B. Sanctions Are Not Warranted

Next, the Court turns to Defendant's request for sanctions, including attorney's fees, under Rule 45(d)(1). *See* Fed. R. Civ. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."). "[A]ttorney['s] fees are generally awarded only in the most egregious of circumstances," and the Court will exercise its discretion to deny Defendant's request

for sanctions against Plaintiff or his attorneys. *Kaplan v. Gen. Elec. Co.*, No. 22-cv-5296, 2025 WL 583112, at *6 (D.N.J. Feb. 23, 2025) (internal quotations and citations omitted). For the reasons described herein, the subpoena will be quashed, but Defendant has not adequately demonstrated that sanctions are warranted in connection with service of this subpoena. The "legal arguments advanced" by Plaintiff were not "so patently frivolous or lacking in merit," for example, such that sanctions might be proper. *Sopinski v. Lackawanna Cnty.*, No. 16-cv-466, 2016 WL 6661160, at *5 n.3 (M.D. Pa. Nov. 10, 2016). The Court takes no position on whether Plaintiff's actions may warrant sanctions in the underlying litigation.

## II.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Quash (ECF No. 1) is granted, and the Court will quash the subpoena served on Cozen O'Connor on December 3, 2025. The Court will deny Defendant's request for attorney's fees. An appropriate Order will follow.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**